FILED

2003 NOV 12 P 4: 27

US DISTRICT COURT
NEW HAVEN, CT.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIE WASHINGTON,<br><br>   PLAINTIFF<br><br>VS.<br><br>CENTRAL CONNECTICUT COAST YMCA,<br><br>   DEFENDANT | CIVIL ACTION  MRK<br>NO. 3:01 CV-1838 ~~(JCH)~~<br><br><br><br><br><br>NOVEMBER 12, 2003 |

### DEFENDANT'S MOTION TO DISMISS

Defendant Central Connecticut Coast YMCA hereby moves to dismiss this action pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(C) and (d) and 41(b) for Plaintiff's failure to prosecute, failure to cooperate in the discovery process, and failure to comply with Court ordered discovery.

### BACKGROUND

This action concerns Plaintiff's resignation from her employment with Defendant on or about March 31, 2000.

Plaintiff commenced this action by Complaint filed in Connecticut Superior Court with a Return Date of September 11, 2001. Plaintiff's Complaint alleges causes of action for violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq., on the basis of race, color and age discrimination and for "emotional distress."

Defendant removed the Complaint to this District Court on September 27, 2001 and filed an Answer on October 3, 2001. Nothing has gone smoothly since.

### PARTIES' PLANNING MEETING – FED. R. CIV. P. 26(f)

Pursuant to Local Rule 38, the parties were required to confer by October 26, 2001 and file a Report within 10 days outlining the parties' agreed to plan for case management. Plaintiff was required to initiate the conference but failed to do so. Despite repeated efforts, defense counsel was unable to obtain Plaintiff's cooperation and participation in this process, and Defendant was forced to file its own one-sided report dated November 20, 2001. See Affidavit of Margaret M. Sheahan attached hereto, ¶ 3.

### INITIAL DISCLOSURE – FED. R. CIV. P. 26(a)

Defendant served its Initial Disclosure pursuant to Fed. R. Civ. P. 26(a) on October 3, 2001. Exhibit 4 to Attorney Sheahan's Affidavit is a copy of this Court's May 24, 2002 order granting Defendant's Motion to Compel, which addressed Plaintiff's failure to make her Initial Disclosure. The order required compliance by June 19, 2002. As of this date, Plaintiff has not complied with the Court's order, and the case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(C). See Sheahan Affidavit, ¶ 4.

### STATUS CONFERENCE ORDER

On December 10, 2001, this Court issued a Status Conference Order requiring that the parties "substantively discuss settlement in good faith" and file a Joint Status Report in preparation for a status conference before the Court scheduled for April 18, 2002 (rescheduled to April 12). Once again, in an effort to comply with the Court's order, Defendant wrote to Mr.

Pilgrim on December 13, 2001 reminding him of the Court's order, requesting a settlement demand from Plaintiff, and reminding him of Defendant's most recent settlement offer. When no response was forthcoming, Defendant sent a draft of a Joint Status Report to Mr. Pilgrim requesting his input on March 28, 2002. Defense counsel was, once again, unable to obtain Plaintiff's cooperation and participation in this process, as ordered by the Court, and Defendant was forced to file its own one-sided report dated April 2, 2002. See Sheahan Affidavit ¶ 5.

The Court-ordered Status Conference convened on April 12, 2002. Plaintiff did not appear. The Court issued an Order to Show Cause for Plaintiff's failure to comply with the Status Conference Order. The Order required Mr. Pilgrim to file a memorandum not later than May 2, 2002 detailing his justification for failure to appear at the conference. Defendant did not receive a service copy of any such memorandum and no such filing is reflected on the Court's docket.

On May 14, 2002, Defendant moved for an order requiring Plaintiff to reimburse Defendant for the expense it incurred in preparation for and attendance at the conference. A hearing was held before the Court on May 28, 2002 at which time the Court awarded Defendant $300 in reimbursement. Defendant did not receive the ordered reimbursement until November 5, 2003, in a check dated October 29, 2003. See Sheahan Affidavit ¶ 17.

### INTERROGATORIES AND DOCUMENT PRODUCTION

Defendant served its First Set of Interrogatories and Request for Production on December 13, 2001. Plaintiff failed to respond whatsoever to Defendant's discovery requests until Defendant moved to compel on March 22, 2002. Plaintiff has since responded to Interrogatories but failed to swear to the truth of those responses as required by Fed. R. Civ. P. 33(b), even when

-3-

Defendant provided Plaintiff with a form to simply sign and return, she continued to fail to verify her discovery responses (see Exhibits 9 and 10 to Sheahan Affidavit) until July 7, 2003.

With respect to Defendants Request for Production of Documents, Plaintiff neither produced nor objected to production of the documents requested, despite the Court's May 24, 2002 Order of compliance (see Exhibit 4 to Sheahan Affidavit), Defendants' numerous requests for the document production (Sheahan Affidavit ¶ 8) discovery's closure, the admonitions of Judge Hall at the June, 2003 argument on Defendants First Motion To Dismiss, Plaintiff's representation to the contrary (that discovery was complete) to Judge Hall in July, 2003, Judge Fitzsimmons' Order on August 22, 2003 and Judge Kravitz's October 20, 2003 Order.

## PLAINTIFF'S DEPOSITION

Defendant noticed the deposition of Plaintiff for October 8, 2002. This deposition was canceled by request of Plaintiff's counsel. Plaintiff's deposition was rescheduled for October 15, 2002. Plaintiff did not appear for this deposition. Defendant re-noticed the deposition for October 29, 2002 at 10:00 a.m., pursuant to Mr. Pilgrim's suggestion. On October 25, 2002, Mr. Pilgrim advised defense counsel that he would be unavailable to begin the deposition until 2:30 p.m. on October 29th. Defense counsel agreed to postpone Plaintiff's deposition to a date beyond the close of discovery and the parties agreed to November 1, 2002. On the afternoon of October 31, 2002, Mr. Pilgrim notified defense counsel that Plaintiff would not attend the November 1st deposition and furthermore would not be available to be deposed until the second week of December, 2002, a date well beyond the close of discovery and past the deadline for filing dispositive motions.

Plaintiff's actions, and inactions, have made it virtually impossible to investigate her allegations. She has failed and refused to cooperate with discovery and participate as a Plaintiff in this litigation. As a result, Defendant has been prejudiced in its ability to prepare a defense. For all the foregoing reasons, Defendant asks this Court to dismiss Plaintiff's Complaint with prejudice.

Done at Bridgeport, Connecticut, this 12th day of November, 2003.

THE DEFENDANT
Central Connecticut Coast YMCA

By: _____
Margaret M. Sheahan
Federal Bar No. ct05862
For:  Pullman & Comley, LLC
      850 Main Street, P.O. Box 7006
      Bridgeport, CT  06601-7006
      (203) 330-2000
      Facsimile (203) 576-8888
Its Attorneys

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on November 12, 2003 to all counsel and pro se parties of record.

For the plaintiff LILLIE WASHINGTON:

Caleb M. Pilgrim
1404 Whalley Avenue
Second Floor
New Haven, CT 06515
(203)387-2524


_____
Margaret M. Sheahan
Commissioner of the Superior Court