FILED

2003 NOV 12 P 4: 27

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIE WASHINGTON,<br><br>               PLAINTIFF<br><br>VS.<br><br>CENTRAL CONNECTICUT COAST YMCA,<br><br>               DEFENDANT | CIVIL ACTION MRK<br>NO. 3:01 CV-1838 (JCH)<br><br><br><br><br><br>NOVEMBER 12, 2003 |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

PRELIMINARY STATEMENT

This is the second time Defendant has moved to dismiss this case because of Plaintiff's absolute disregard for the obligations to cooperate with opponent and the Court alike in moving a litigation toward resolution. Plaintiff has violated both the Federal Rules of Civil Procedure and this Court's Orders so much and so often that dismissal is the only possible effective response.

Nearly one year ago, Defendant wrote, "Faced with unparalleled recalcitrance by Plaintiff in this action, Defendant moves this Court to put an end to this neglected litigation by exercising its authority under Fed. R. Civ. P. 16(f), 37(b)(2)(C), 37(d) and 41(b) to dismiss the claims of a litigant who disobeys Court orders, derogates its discovery obligations and impedes trial preparation. The response is extreme but the flagrant disregard of the authority of this Court and

the weightiness of litigation calls for it." In the many months that have followed precious little has changed. Defendant seeks dismissal once again.

A simple (and conservative) tally of Plaintiff's violations of the Federal Rules of Civil Procedures, the Local Rules and this Court's orders is staggering: 8 Rules violations[1] and 11 Order violations[2]. The time and effort expended by Defendant and the Court in attempting to process this litigation is clearly wasteful beyond reason and has yet to result in Plaintiff's compliance!

FACTUAL STATEMENT

It is still true as it was last December that "the Affidavit submitted in support of this motion and its exhibits tell a shocking tale of Plaintiff's neglect of this case. Not an event has occurred in Plaintiff's prosecution of this action without inordinate prodding and demands, threats

---

[1] Rules: (1) L.R. 38: no planning conference participation, (2) L.R. 38: no planning report; (3) FRCP 26(a): no Mandatory Initial Disclosure, (4) FRCP 33: no timely interrogatory response at all, (5) FRCP 33: no timely sworn interrogatory response, (6) FRCP 34: no completion of document production, (7) FRCP 36: no show/no call at noticed deposition on October 15, 2002, (8) FRCP 36: repeated cancellation of agreed dates and refusal to agree to rescheduling.

[2] Orders: (1) December 10, 2001 Status Conference Order: failure to confer, (2) Id.: failure to file status report, (3) Id.: failure to attend conference, (4) April 12, 2002 Order to Show Cause: failure to file and serve memo, (5) May 24, 2002 Order Granting Motion to Compel: failure to Serve Mandatory Initial Disclosure; (6) Id.: failure to complete production of documents, (7) May 28, 2002 Order: failure to pay Defendant cost of appearance at April 2002 conference, (8) August 22, 2003 Order: failure to complete document production in 14 days or contact court to report difficulty with compliance, (9) October 20, 2003 Order: failure to pay ordered cost reimbursement by October 24, 2003, (10) Id.: failure to return executed IRS authorization documents within 7 days of receipt, (11) Id.: failure to complete document production.

and promises of motions and/or actual litigation of disciplinary or enforcement motions before this Court." What has been added to this ugly picture is more failure to abide by this Court's orders.

Plaintiff never made an Initial Disclosure despite the mandate of Fed. R. Civ. P. 26(a) and this Court's compelling order.

December 2001 production requests have still not been completely answered despite numerous promises, THREE compelling orders of this Court and Plaintiff's written report to Judge Hall on July 24, 2003 that discovery was complete, a report on which she relied in denying (without prejudice to renew) Defendant's December 2002 Motion to Dismiss.

Every joint filing required by this Court is missing in this case. Defendant's one-sided compliance attempt is substituted every time, each time filed only after Defendant's wasteful and pointless, but nonetheless costly and time-consuming, efforts to persuade Plaintiff to participate as the Rules of Federal Civil Procedure, this Court's own such rules and this Court's case-specific orders have required. Neither defense counsel nor this Court have been able to capture Plaintiff's attention sufficiently to make any headway.

Discovery through deposition was completely stonewalled by the Plaintiff who failed or refused to attend her own scheduled disposition on more than one occasion. Plaintiff not only refused to attend the deposition re-re-rescheduled for one day following close of discovery at her request, but conveyed her refusal to do so for at least the following six weeks for unspecified reasons (although admittedly unrelated to illness or relocation). This willful unavailability likewise extended to attending noticed depositions of Defendant representatives, which Plaintiff

-3-

first expressed an interest in taking only <u>after</u> discovery's close and despite Defendant's taking quick action to make the belatedly identified witnesses available.

After Defendant's first Motion To Dismiss was heard, depositions were able to be conducted and verified interrogatory responses were received. However, despite the sternest warnings of Judge Hall of the unacceptability of Plaintiff's failure to heed the rules and the Orders of the Court, her own <u>repeated</u> orders have still not been obeyed even when reiterated and reissued by Magistrate Judge Fitzsimmons <u>and</u> Judge Kravitz. How could a party be admonished more clearly than in Judge Kravitz's order of October 21, 2003? **"Plaintiff has now failed to comply with a number of orders issued by the Court. This will serve as a warning that if any further orders of this Court are not properly and promptly complied with in accordance with their terms, the case will be dismissed and sanctions will be imposed on both Plaintiff and Plaintiff's counsel for repeated failure to comply with the Court's orders."**

ARGUMENT

    I.    <u>FRCP 16(f) Calls For Dismissal</u>

Fed. R. Civ. P. 16(f) provides

> If a party or party's attorney fails to obey a scheduling or pretrial order ... the judge upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D) ... .

Fed. R. Civ. P. 37(b)(2)(C) expressly provides for "[a]n order ... dismissing the action..." In this case, a scheduling order required completion of discovery by October 30, 2002, which

-4-

Plaintiff made impossible. Indeed despite orders by two different United States District Judges and a United States Magistrate Judge, more than one year after the scheduling order's deadline, discovery is not yet complete. Dismissal is certainly permitted, and under the extraordinary circumstances of Plaintiff's disregard of all deadlines here, clearly justified.

In Royal Palace Hotel Associates, Inc. v. International Resort Classics, Inc., 178 F.R.D. 588 (M.D. Fla. 1977), the court found a clear record of delay or willful contempt justifying dismissal when the plaintiff failed to contribute to the preparation of the pretrial statement ordered by the court, failed to file such a statement, failed to seek extension of time to do same, and failed to appear by lead counsel at a scheduled conference. Is not this behavior comparable to Plaintiff's failure here to participate in preparing a Rule 26(f) conference report, failure to submit such a report, failure to participate in preparing an ordered joint status report, failure to submit same or seek extension of time to do so and failure to appear at the status conference scheduled by this Court? Add to this Plaintiff's failure for over seventeen months to comply with Judge Hall's order to reimburse Defendant the cost of attending a conference. Add to this Plaintiff's failure to provide a declaration of nonexistence of further responsive documents to this day, despite FRCP 34's deadline, Judge Hall's order compelling compliance on May 24, 2002 and her admonitions in June 2003 at the oral argument and show cause hearing she convened on Defendant's first Motion to Dismiss, Magistrate Fitzsimmons' Order on August 22, 2003 and Judge Kravitz's order on October 21, 2003.

For this behavior alone, dismissal would be warranted, and Plaintiff here has engaged in even more disruptive behavior.

-5-

## II.     Dismissal is Appropriate Under Fed. R. Civ. P. 37(b)(2)(C)

As noted above, Fed. R. Civ. P. 37(b)(2)(C) specifically provides for dismissal as a sanction. The occasions for this sanction specifically delineated in the rule include a party's failure to obey an order entered under Rule 26(f). Here, this Court entered an order pursuant to Rule 26(f) requiring discovery to be completed by October 30, 2002, which Plaintiff disobeyed through recalcitrance and refusal to cooperate with defense counsel, not through any excusable inability or mere neglect. Plaintiff has also failed to provide discovery as ordered by this Court, another occasion for sanction under this rule. Simmons v. Abruzzo, 49 F. 3d 83 (2d Cir. 1995). The dismissal option seems the only way to respond that this Court has not already invoked and the other responses short of dismissal have not had the desired and necessary effect.

## III.    FRCP 37(d) Warrants Dismissal Here

Fed. R. Civ. P 37(d) provides

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b)(2) of this rule.

Of course, dismissal is specifically authorized under Rule 37(b)(2)(C). The Affidavit submitted in support of this motion sets forth in detail the repeated efforts and offers of assistance by Defendant to Plaintiff in seeking appropriate answers to interrogatories for well over a year after their service and _repeated_ orders of this Court with which Plaintiff failed to comply. Mingo v. Sugar Cane Growers Cooperative of Florida, 1989 WL 205633 (S.D. Fla. 1989).

-6-

The failure of the Plaintiff to complete her responses to requests for production is another reason to invoke this rule's harshest measure. This discovery item remains open today although three federal judges have ordered otherwise!

    IV.    <u>FRCP 41(b) Provides Grounds For Dismissal Of This Case</u>

Fed. R. Civ. P. 41(b) provides

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.

As the foregoing and Defendant's Motion and the Supporting Affidavit filed herewith amply illustrate, Plaintiff has failed to prosecute this action with any semblance of diligence or even of sincerity and has violated this Court's orders multiple times. It is well within this Court's discretion to dismiss this action with prejudice.

Dismissal entered as a result of this motion would come as no surprise. This Court's initial Scheduling Order, its May 24, 2002 decision on Defendant's Motion To Compel, its December 10, 2001 status conference calendar, its August 22, 2003 order, its September 12, 2003 endorsement denial of Defendant's first Motion to Dismiss, and its October 21, 2003 order all warn of future recalcitrance potentially occasioning this sanction. <u>Loubier v. Modern Acoustics, Inc.</u>, 187 F.R.D. 449 (D. Conn. 1999). Moreover, the fact that Plaintiff has already been sanctioned for failure to meet obligations under the Rules and this Court's order indicates that sanctions short of dismissal will not have the necessary effect here. <u>Mingo v. Sugar Cane Growers Cooperative of Florida</u>, 1989 WL 205633 (S.D. Fla. 1989).

V.     Plaintiff Would Not Be Unfairly Prejudiced By Dismissal

Plaintiff's Complaint alleges her to be a human resources manager by profession. Human resources professionals generally know that employment practices litigation requires attention.

This Plaintiff was expressly called before this Court in an Order To Show Cause this last summer in connection with Defendant's first Motion to Dismiss. Judge Hall addressed Plaintiff personally regarding her need to participate in moving this case to resolution without delay. At this stage and with this record, Plaintiff cannot hide behind the lack of diligence of her counsel, having been so admonished.

VI.    Defendant Is Disadvantaged By Plaintiff's Disregard of Rules and Orders

Because this is an employment discrimination case and Plaintiff seeks "back pay," Defendant's potential liability exposure grows with time. Plaintiff's failure to comply with the rules and the Court's order causes delay after delay.

Moreover, every simple step in this litigation has been met with complete disregard by Plaintiff, requiring wasted resources in telephone calls, letters, motions, briefing, conference and argument attendance. Defendant, a not-for-profit social services agency, should be spared further waste of its scarce resources on dragging Plaintiff through her own lawsuit.

CONCLUSION

-8-

For all the foregoing reasons, Defendant moves this Court to dismiss the Complaint in this action with prejudice.

Done at Bridgeport, Connecticut, this 12th day of December, 2002.

THE DEFENDANT
Central Connecticut Coast YMCA

By: *Margaret M. Sheahan*
Margaret M. Sheahan
Federal Bar No. ct05862
For: Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT 06601-7006
    (203) 330-2000
    Facsimile (203) 576-8888
Its Attorneys

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 12th day of November, 2003, to Plaintiff's counsel of record.

Caleb M. Pilgrim
1404 Whalley Avenue
Second Floor
New Haven, CT 06515
(203)387-2524


*[signature]*
Margaret M. Sheahan
Commissioner of the Superior Court

BPRT/67123.2/EMP/497002v1

-10-