Exhibit 1 – 10a
Exhibit 10 - 23

FILED

2003 NOV 12 P 4: 28

U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIE WASHINGTON | CIVIL ACTION |
| PLAINTIFF | NO. 3:01 CV-1838 (JCH) |
| VS. | |
| CENTRAL CONNECTICUT COAST YMCA | |
| DEFENDANT | NOVEMBER 12, 2003 |

## AFFIDAVIT OF MARGARET M. SHEAHAN

I, Margaret M. Sheahan, having been duly sworn according to the law, hereby depose and say the following statements are true and correct to the best of my knowledge, information, and belief:

1. I am a member of the law firm of Pullman & Comley, LLC, and counsel of record for Defendant Central Connecticut Coast YMCA.

2. This affidavit is submitted in support of Defendant's Motion to Dismiss for failure to prosecute, failure to cooperate in the discovery process and failure to comply with Court ordered discovery.

3. Shortly after removal of this case to this Court on October 3, 2001, in an attempt to comply with Local Rule 38, several telephone calls were placed by me or my staff to Plaintiff's counsel, Caleb Pilgrim, who was unable to be reached. A draft Rule 26(f)

Report was then mailed to Attorney Pilgrim on October 26, 2001 requesting his input in completion of the report (Exhibit 1). A second letter was sent to Attorney Pilgrim on November 13, 2001 reminding him of the report and notifying him that it was now overdue (Exhibit 2). No response was received from Attorney Pilgrim, therefore, Defendant filed its own Rule 26(f) Report dated November 20, 2001 (Exhibit 3).

4.      Defendant served its Initial Disclosure pursuant to Fed. R. Civ. P. 26(a) on October 3, 2001. Exhibit 4 is a copy of this Court's May 24, 2002 order granting Defendant's Motion to Compel, which addressed Plaintiff's failure to make her Initial Disclosure. The order required compliance by June 19, 2002. As of this date, Defendant has not received Plaintiff's Initial Disclosure.

5.      A Status Conference Order was issued on December 10, 2001, requiring the parties to "substantively discuss settlement in good faith" and file a Joint Status Report in preparation for a status conference before the Court. In an effort to comply with the Court's order, the undersigned wrote to Mr. Pilgrim on December 13, 2001 reminding him of the Court's order, requesting a settlement demand from Plaintiff, and reminding him of Defendant's most recent settlement offer (Exhibit 5). No response was received from Plaintiff. On March 28, 2002, Defendant sent a draft of a Joint Status Report to Mr. Pilgrim requesting his comments and additions (Exhibit 6). No response was received from Plaintiff, therefore, Defendant filed its own Status Report dated April 2, 2002 (Exhibit 7).

-2-

6.     Plaintiff did not appear for the Court ordered Status Conference on April 12, 2002. On May 14, 2002, Defendant moved for an order requiring Plaintiff to reimburse Defendant for the expense it incurred in preparation for and attendance at the conference (Exhibit 8). A hearing was held before the Court on May 28, 2002 at which time the Court awarded Defendant $300 in reimbursement.

7.     Defendant served its First Set of Interrogatories and Request for Production on December 13, 2001 and moved to compel on March 22, 2002. This motion was granted (Exhibit 4). Plaintiff responded to Interrogatories but did not swear to the truth of those responses as required by Fed. R. Civ. P. 33(b). By letters dated May 29, 2002; July 3, 2002; and September 26, 2002 (Exhibits 9 and 10), Defendant has requested that Plaintiff verify her responses to Interrogatories and also provided Plaintiff with a form to simply sign and return (see Exhibit 10). Plaintiff failed to verify her discovery responses until after a Court order to do so issued after a hearing on Defendants' December 2002 Motion To Dismiss, which hearing occurred in June, 2003.

8.     Plaintiff neither produced nor objected to production of the documents requested in Defendant's December 13, 2001 Production Request, despite the Court's order on Defendant's Motion to Compel (Exhibit 4). Defendants made numerous requests for the documents after moving to compel, by letters dated April 9, 2002; May 29, 2002; July 3, 2002 (Exhibit 9); and September 26, 2002 (Exhibit 10) to no avail. After the discovery period closed, Plaintiff produced documents but has testified to the

-3-

existence of requested documents not produced. Nevertheless, Plaintiff reported to Judge Hall that discovery was complete on July 24, 2003, a Report on which Judge Hall relied in dismissing Defendants' December 2002 Motion To Dismiss. (Exhibit 10A). Although Plaintiffs' counsel has repeatedly stated that production is complete, Defendant has not received a verification of non-existence despite the May 2002 order granting the motion to compel, a renewed order on August 22, 2003, following hearing on the Defendant's December 2002 motion to dismiss and the order of this court following a status conference on October 21, 2003, after Plaintiffs' Counsel represented to the Court that he held the very document sought in his hand but wished to have a typographical error corrected before sending it to defense counsel. Defendant has still received no further production nor any verification of nonexistence.

9.      Defendant noticed the deposition of Plaintiff for October 8, 2002 (Exhibit 10). This deposition was canceled on request of Plaintiff's counsel (Exhibit 11). Plaintiff's deposition was rescheduled for October 15, 2002 (Exhibits 11 and 12). Plaintiff did not appear for this deposition (Exhibits 13 and 15). Defendant re-noticed the deposition for October 29, 2002 at 10:00 a.m., pursuant to Plaintiff's suggestion (see Exhibits 12, 15 and 16). On October 25, 2002, Plaintiff advised defense counsel that Plaintiff would be unavailable to begin the deposition until 2:30 p.m. on October 29th (Exhibits 14, 15 and 16). Defense counsel agreed to postpone Plaintiff's deposition to a date beyond the close of discovery and the parties agreed to November 1, 2002.

-4-

On the afternoon of October 31, 2002, Plaintiff's counsel notified defense counsel that Plaintiff would not attend the November 1st deposition and furthermore would not be available to be deposed until the second week of December, 2002 (Exhibits 17 and 18).

10.    Plaintiff's counsel and Defendant's counsel thereafter exchanged additional correspondence concerning the circumstances surrounding the close of discovery (Exhibits 19 and 20).

11.    Defendant moved to dismiss in December, 2002, because of Plaintiffs' recalcitrance in cooperating in any aspect of this litigation and repeated violation of rules and court orders. [Docket #23, #24 & #25]

12.    Plaintiff responded with a motion to withdraw without prejudice, which was denied. [Docket #26]

13.    This Court heard oral argument on Defendant's Motion To Dismiss and heard from Plaintiff herself in a second day convening on the Motion To Dismiss. The Court denied Defendant's Motion To Dismiss with stern admonitions to Plaintiff and her counsel to remedy their discovery failings and noncompliance with outstanding orders immediately.

14.    Plaintiff's sworn verification of her answers to Defendants' December 13, 2001 Interrogatories were received by Defendant on July 7, 2003. Her deposition first noticed for October 8, 2002 took place on July 16, 2003. Plaintiff produced some documents on March 27, 2002.

-5-

15.   Plaintiff's counsel verbally assured defense counsel that there were no responsive documents that had not been produced. Plaintiff testified otherwise (Exhibit 21). Defendant has requested either a completion of disclosure or a written verification that no unproduced responsive documents exist without success. On August 22, 2003, the Court ordered Plaintiff to "produce or verify the nonexistence of the documents requested in defendant's December 13, 2001 Request for Production" or "immediately contact the Court if there is any issue that will prevent compliance with this deadline" (Exhibit 22). The deadline was September 5, 2003. It was not met!

16.   On October 20, 2003, after the case was transferred to the docket of United States District Judge Mark R. Kravitz, counsel attended a status conference in New Haven. From that event, another Court order issued.

17.   Judge Kravitz's Order required Plaintiff to pay the reimbursement ordered by Judge Hall more than a year ago by October 24. Defense counsel received the payment on November 5 with a letter dated and postmarked November 4. The check, which appears to be written by Plaintiff's counsel's own distinctive hand, is dated October 29 (Exhibit 23).

18.   Judge Kravitz's Order required that Defendant provide Plaintiff with a form for authorization of Defendant to receive copies of Plaintiff's income tax returns directly from the IRS and for Plaintiff to return it signed by the Plaintiff seven business days later. On October 21, Defense counsel mailed the forms to Plaintiff's counsel. No signed authorization form has yet arrived. In a telephone conversation on November

-6-

4, 2003, Plaintiff's Counsel stated that he had sent the form via certified mail to Plaintiff on October 29, 2003.

19.    Judge Kravitz's Order recited that Plaintiff had provided defense counsel a verification of the nonexistence of documents responsive to Defendant's Request for Productions.  This is because in the meeting, Plaintiff's counsel had held a sheet of paper he said was the necessary verification and stated that but for the correction of a typographical error it was ready to be given to Defendant.  To date, no such document has been provided to Defendant.  Indeed, Plaintiff's counsel represented to defense counsel and this Court in a telephone conference on November 4, that he had not yet provided the document to Defendant because he feared his client might have more documents in storage, a matter not mentioned on October 20 in the status conference when Judge Kravitz asked for an explanation of the failure to have completed this obligation in response to several earlier orders of this Court, and contrary to Plaintiff's written representation to Judge Hall in July, 2003 (Exhibit 10A).

20.    At the October 20, 2003 conference, Judge Kravitz instructed me not to file another motion if any further difficulty arose in the implementation of his order but instead to get Attorney Pilgrim on the telephone and then to call Judge Kravitz so that the three of us would all be on the line.

21.    Defendant performed the two tasks assigned it by Judge Kravitz's order promptly (sending Plaintiff's counsel a form for IRS authorization and sending the Court a statement of the fees and expenses of filing its Motion for Contempt and Sanctions).

22.   When, by the afternoon October 31, no communication from Plaintiff's Counsel had been received, I telephoned Plaintiff's counsel's office. The woman who answered announced that I had reached Attorney Pilgrim's Office. I identified myself and asked to speak with Attorney Pilgrim. The woman answered that Attorney Pilgrim was with a client but would return my call as soon as he was free. I was given the impression that Attorney Pilgrim was in the office and would be free later in the day. I received no communication from Attorney Pilgrim on Friday, the weekend or Monday.

23.   On Monday, November 3, I contacted Judge Kravitz's Chambers and told his assistant my dilemma, i.e., that I was unable to comply with the Judge's instruction to conference call him with Mr. Pilgrim on the line because I could not reach Mr. Pilgrim.

24.   On Tuesday, November 4, I received a call from Plaintiff's counsel. He said, among other things, "I wrote it October 29," referring to the $300 check for cost reimbursement he said he planned to mail, and "I sent that to her . . October 29," referring to the IRS authorization needing Ms. Washington's signature, which he contended he did not receive until a few days prior to dispatching it to his client. Mr. Pilgrim also told me that his failure to attend to these matters earlier was due to his need to travel to attend to his dying brother, a trip from which he said he returned on Sunday, November 2.

-8-

25.  I interrupted our call promising to call Mr. Pilgrim back after I had been able to verify when the IRS authorization form had been mailed from my Bridgeport office to his New Haven office. I accomplished this within a few minutes and after re-connecting with Mr. Pilgrim and informing him that the form was mailed on October 21, 2003, I conference called to Judge Kravitz's Chambers.

26.  In the ensuing conversation with Judge Kravitz, Mr. Pilgrim stated he had been away from the office from October 22 until Sunday, November 2.

Margaret M. Sheahan

Subscribed and sworn to before me
this 12th day of November, 2003

Notary Public
My Commission Expires _____

Commissioner of Superior Court

-9-

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on November 12, 2003 to all counsel and pro se parties of record.

For the plaintiff LILLIE WASHINGTON:

> Caleb M. Pilgrim
> 1404 Whalley Avenue
> Second Floor
> New Haven, CT 06515
> (203)387-2524

Margaret M. Sheahan
Commissioner of the Superior Court

BPRT/67123.2/EMP/497001v1

-10-

**PULLMAN & COMLEY, LLC**
*Attorneys At Law*

ELIZABETH J. AUSTIN
RAYMOND E. BALDWIN, JR.
MORRIS W. BANKS
COLLIN P. BARON
DEBORAH S. BRECK
CHARLES K. CAMPBELL, JR.
FRANK B. CLEARY
SHEILA ANNE DENTON
JAMES G. DOWLING, JR.
ANDREW C. GLASSMAN
LAWRENCE J. GOLDEN
IRVE J. GOLDMAN
BARRY O. GREENE
NANCY A. D. HANCOCK
DAVID O. JACKSON
GEORGE J. KASPER
JOHN J. KINDL
MICHAEL A. KURS
JOSHUA A. HAWKES-LADDS
NANCY DiFONCE LAPERA
MICHAEL N. LaVELLE

JOSEPH M. LC
LISA A. MAGL          TTI
LAWRENCE J. MARKS
THOMAS A. MAXWELL, JR.
EDWARD P. McCREERY, III
ANDREW J. McDONALD
ROBERT B. MITCHELL
HERBERT H. MOORIN
D. ROBERT MORRIS
ALAN S. PARKER
MARIE V. PHELAN
ELLIOTT B. POLLACK
MICHAEL O. PROCTOR
LEWIS RABINOVITZ
RICHARD C. ROBINSON
THOMAS A. ROUSE
KATHARINE B. SACKS
ALAN S. SCHEER
GREGORY F. SERVODIDIO
RONALD CASE SHARP
MARGARET M. SHEAHAN

JAMES T. SHEARIN
H. WILLIAM SHURE
CHRISTOPHER J. SMITH
JOHN F. STAFSTROM, JR.
JAMES B. STEWART
GROVE W. STODDARD
MARSHALL J. TOUPONSE
JAMES W. VENMAN
JOHN R. WARD
WILLIAM J. WENZEL
BARRIE K. WETSTONE
JAMES B WHITE, JR.
MARJORIE WILDER
SAMUEL A. GILLILAND
(1930-1994)
CHRISTIAN G. BELTZ
CARRIE L. BERNIER
KATHERINE E. CAULFIELD
ADAM J. COHEN
JASON W. COHEN

RICHARD S. DiPRETA
ROD W. FARRELL
ERIC J. GEORGE
HOLLY G. GYDUS
MATTHEW M. HAUSMAN
TRACY WHEELER LENNON
MATTHEW P. LUNDY
NORMA R. MANDULAK
JENNIFER T. McGRATH
JULIE A. MORGAN
PETER S. OLSON
GERALD G. PIA, JR.
MARY BETH KASPER RAPICE
BRIAN C. ROCHE
MARCI J. SILVERMAN
PATRICIA SQUIRES
LORI L. UNDERBERGER
GWEN B WEISBERG
AIMEE J. WOOD

Reply to:     Bridgeport
Telephone:   (203) 330-2138
E-Mail:      MMS@pullcom.com

October 26, 2001

Caleb M. Pilgrim, Esq.
1404 Whalley Avenue
Second Floor
New Haven, CT 06515

     Re:    **Lillie Washington v. Central Connecticut Coast YMCA**
             **Civil Action No. 3:01 CV-1838 (JCH)**

Dear Mr. Pilgrim:

     Enclosed is a partially completed draft of a Report of a Rule 26(f) conference. I propose that you contact me by phone, e-mail or letter to advise me of changes or additions you find necessary. I will then produce and sign a revised version and forward it to you for signing and filing with the court by our November 9th deadline.

     Thank you.

                          Sincerely,

                          Margaret M. Sheahan

Enclosure

BPRT/67123.1/EMP/404938v1



850 MAIN STREET   P.O. BOX 7006   BRIDGEPORT, CT 06601-7006   (203) 330-2000   FAX (203) 576-8888
300 PEQUOT AVENUE   P.O. BOX 510   SOUTHPORT, CT 06490-0510   (203) 254-5000   FAX (203) 254-5070
ONE CENTURY TOWER   265 CHURCH STREET   NEW HAVEN, CT 06510-7000   (203) 773-3006   FAX (203) 776-7075
90 STATE HOUSE SQUARE   HARTFORD, CT 06103-3702   (860) 424-4300   FAX (860) 424-4370
350 BEDFORD STREET   STAMFORD, CT 06901-1743   (203) 324-5000   FAX (203) 363-8659
720 HOPMEADOW STREET   SIMSBURY, CT 06070-2225   (860) 651-9348   FAX (860) 651-1431
*www.pullcom.com*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIE WASHINGTON<br><br>                      PLAINTIFF<br><br>VS.<br><br>CENTRAL CONNECTICUT COAST YMCA<br><br>                  DEFENDANT | CIVIL ACTION<br>NO. 3:01 CV-1838 (JCH)<br><br><br>OCTOBER ___, 2001 |

FORM 26(f)
REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:  The Complaint was filed in state court with a Return Date of September 11, 2001, and removed on September 26, 2001.

Date Complaint Served:  Defendant was originally served on or about August 27, 2001. Removal documents were served on counsel for plaintiff by mail on September 26, 2001

Date of Defendant's Appearance:  September 26, 2001

Pursuant to Fed. R. Civ. P 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held between October 26 and ___, 2001. The participants were:

- Caleb M. Pilgrim for Plaintiff, Lillie Washington

- Margaret M. Sheahan for Defendant, Central Connecticut Coast YMCA

1.    **Certification**

      Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any

possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

2. **Jurisdiction**

   (a)    Subject Matter Jurisdiction

   Plaintiff's Complaint asserts federal questions under 42 U.S.C. §§ 1981 and

   2000e, et seq.

   (b)    Personal Jurisdiction

   All parties are citizens of the State of Connecticut

3. **Brief Description of Case**

   (a)    Claims of Plaintiffs:

   Race and sex discrimination in constructive discharge evidenced by lower

   salary than other direct reports to supervisor, actions of supervisor in requiring

   written work review, answering questiosn for others on subject matter within

   Plaintiff's resposiblilities, disputing Plaintiff's intrerpretation of policies in teh

   presence of other staff and advising Plaintiff to apprise her of additions

   Plaintiff made to Plaintiff's own personnel file.

   (b)    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of

Defendants:

   Ms. Washington's steady employment and significant advancement

   throughout approximately seven years of employment belie any notion that

-2-

she was the victim of discrimination. Her salary was within range for her position and not the lowest among her supervisor's reports. Her supervisor's review of Plaintiff's outgoing correspondence before its dissemination, and her performance of activities within Plaintiff's responsibilities were appropriate and not limited to Plaintiff. Plaintiff resigned voluntarily. There was no discrimination.

   (c)  Defenses and Claims of Third Party Defendants:

     N/A

4.    **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.    Plaintiff is an African-American female.

2.    Plaintiff began working for Defendant on or about October 12, 1993, as a camp counselor and pre-school teacher.

3.    Plaintiff was promoted to Director of Human Resources on August 3, 1998.

4.    Plaintiff submitted a formal letter of resignation dated February 16, 2000 and her employment with Defendant ended, as her letter announced, on March 31, 2000

5.    **Case Management Plan**

   (a)  Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases [as follows]:

(b)    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P 16(b).

(c)    Early Settlement Conference

    (i)    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time

    (ii)    The parties request an early settlement conference.

    (iii)    The parties prefer a settlement conference with a Magistrate Judge.

    (iv)    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

(d)    Joinder of Parties and Amendment of Pleadings

    (i)    Plaintiffs should be allowed until November 30, 2001 to file motions to join additional parties and until November 30, 2001 to file motions to amend the pleadings.

    (ii)    Defendants should be allowed until November 30, 2001 to file motions to join additional parties.  Defendant has answered the Complaint.

-4-

(e)  Discovery

(i)  The parties anticipate that discovery will be needed on the following

subjects:

By the Plaintiff:

By the Defendants:

- Plaintiff's work history;
- Plaintiff's earnings history;
- Plaintiff's documents concerning her employment with Defendant;
- Plaintiff's search for work;
- Plaintiff's income;
- Plaintiff's education;
- Plaintiff's medical history.

(ii)  All discovery, including depositions of expert witnesses pursuant to

Fed. R. Civ. P. 26(b)(4), will be commenced by November 30, 2001

and completed (not propounded) by October 30, 2002.

(iii)  Discovery will not be conducted in phases.

-5-

    (iv)    The parties anticipate that the plaintiffs will require a total of ____ depositions of fact witnesses and that the defendants will require a total of 3 depositions of fact witnesses.  The depositions will commence by November 30, 2001 and be completed by October 30, 2002.

    (v)    The parties may request permission to serve more than twenty-five (25) interrogatories.

    (vi)    Plaintiffs [intend] [do not intend] to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P 26(a)(2) by July 30, 2002.  Depositions of any such experts will be completed by August 30, 2002.

    (vii)    Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P 26(a)(2) by September 30, 2002.  Depositions of such experts will be completed by October 30, 2002.

    (viii)    A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 30, 2002.

(f)    Dispositive Motions

Dispositive motions will be filed on or before December 30, 2002.

-6-

(g)    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of January 30, 2003 or 60 days after the Court's ruling on any dispositive motion.

6.    **Trial Readiness**

The case will be ready for trial by the later of January 30, 2003 or 60 days after the Court's ruling on any dispositive motion.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff, Lillie Washington

By _____          Date: _____
    Caleb M. Pilgrim
    Federal Bar No. ct_____
    1404 Whalley Avenue
    Second Floor
    New Haven, CT 06515
    (203)387-2524

Defendant, Central Connecticut Coast YMCA

By _____          Date: _____
    Margaret M. Sheahan
    Federal Bar No. ct05862
    Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT  06601-7006
    (203) 330-2000
    Facsimile (203) 576-8888

-7-

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on October ___, 2001 to all counsel and pro se parties of record.

> Caleb M. Pilgrim
> 1404 Whalley Avenue
> Second Floor
> New Haven, CT 06515
> (203)387-2524


> Margaret M. Sheahan
> Pullman & Comley, LLC
> 850 Main Street, P.O. Box 7006
> Bridgeport, CT  06601-7006
> (203) 330-2000
> Facsimile (203) 576-8888


          Margaret M. Sheahan
          Commissioner of the Superior Court

BPRT/67123.2/EMP/404218v1

-8-

# PULLMAN & COMLEY, LLC
*Attorneys At Law*

ELIZABETH J. AUSTIN          MICHAEL N. L.          MARGARET M. SHEAHAN          ADAM J. COHEN
RAYMOND E. BALDWIN, JR.      JOSEPH M. LOU.         JAMES T. SHEARIN             RICHARD S. DIPRETA
MORRIS W. BANKS              LISA A. MAGLIOCHETTI    H. WILLIAM SHURE            ROD W. FARRELL
COLLIN P. BARUN             THOMAS P. MAXWELL, JR.  CHRISTOPHER J. SMITH         ERIC J. GEORGE
DEBORAH S. BRECK            EDWARD P. McCREERY, III JOHN F. STAFSTROM, JR.       MATTHEW M. HALSMAN
CHARLES K. CAMPBELL, JR.    ANDREW J. McDONALD      JAMES B. STEWART            TRACY WHEELER LENNON
FRANK B. CLEARY            ROBERT B. MITCHELL      GROVE W. STODDARD           MATTHEW P. LUNDY
SHEILA ANNE DENTON          HERBERT H. MOORIN       MARSHALL J. TOUPONSE        NORMA R. MANDULAK
JAMES G. DOWLING, JR.       O. ROBERT MORRIS       JAMES W. VENMAN             JENNIFER T. McGRATH
ANDREW G. GLASSMAN          ALAN S. PARKER          JOHN R. WARD               JULIE A. MORGAN
LAWRENCE J. GOLDEN          MARIE V. PHELAN         WILLIAM J. WENZEL           PETER S. OLSON
IRVE J. GOLDMAN             ELLIOTT B. POLLACK      BARRIE K. WETSTONE          GERALD C. PIA, JR.
BARRY D. GREENE            MICHAEL G. PROCTOR      JAMES R. WHITE, JR.         MARY BETH KASPER RAPICE
NANCY A. D. HANCOCK         LEWIS RABINOWITZ        MARJORIE WILDER            BRIAN C. ROCHE
DAVID O. JACKSON           RICHARD C. ROBINSON                                MARCI J. SILVERMAN
GEORGE J. KASPER           THOMAS A. ROUSE         SAMUEL A. GILLILAND         PATRICIA SQUIRES
JOHN J. KINDL              KATHARINE B. SACKS      (1930-1994)                 LORI L. UNDERBERGER
MICHAEL A. KURS            ALAN I. SCHEER                                      GWEN P. WEISBERG
JOSHUA A. HAWKS-LADDS       GREGORY F. SERVODIDIO   CHRISTIAN G. BELTZ          AIMEE J. WOOD
NANCY DaFONCE LAPERA        RONALD CASE SHARP       CARRIE L. BERNIER
                                                  KATHERINE E. CAULFIELD

Reply to:     Bridgeport
Telephone:    (203) 330-2138
E-Mail:       MMS@pullcom.com

November 13, 2001

Caleb Pilgrim, Esq.
140 Whalley Avenue
New Haven, CT 06511

    **Re: Lillie Washington v. YMCA**

Dear Mr. Pilgrim:

    I have attempted to reach you by telephone and mail to discuss the scheduling conference we are obliged to have on the above-referenced matter under FRCP 26(f). I sent you a draft conference report to expedite our discussion. I have received no response. The report on our Rule 26(f) conference was due to be filed with the Court last Friday, November 9. If I do not hear from you shortly, I will have to file a partial report revealing to the Court that you have not been available for conference. Please contact me as soon as possible.

              Very truly yours,

              Margaret M. Sheahan

cc:   Suzanne Friedbacher

BPRT/67123.2/MMS/407285v1



850 MAIN STREET  P.O. BOX 7006  BRIDGEPORT, CT 06601-7006  (203) 330-2000  FAX (203) 576-8888
200 PEQUOT AVENUE  P.O. BOX 510  SOUTHPORT, CT 06490-0510  (203) 254-5000  FAX (203) 254-5070
ONE CENTURY TOWER  265 CHURCH STREET  NEW HAVEN, CT 06510-7000  (203) 773-3006  FAX (203) 776-7075
90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702  (860) 424-4300  FAX (860) 424-4370
350 BEDFORD STREET  STAMFORD, CT 06901-1743  (203) 324-5000  FAX (203) 363-8659
720 HOPMEADOW STREET  SIMSBURY, CT 06070-2225  (860) 651-9348  FAX (860) 651-1431
www.pullcom.com

CLERK
U.S. DISTRICT COURT
BRIDGEPORT

Nov 25   II 44 AM '01

FILED

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIE WASHINGTON | CIVIL ACTION |
| PLAINTIFF | NO. 3:01 CV-1838 (JCH) |
| VS. | NOVEMBER 20, 2001 |
| CENTRAL CONNECTICUT COAST YMCA | |
| DEFENDANT | |

### DEFENDANT'S FORM 26(f)

**Date Complaint Filed:** The Complaint was filed in state court with a Return Date of September 11, 2001, and removed on September 26, 2001.

**Date Complaint Served:** Defendant was originally served on or about August 27, 2001. Removal documents were served on counsel for plaintiff by mail on September 26, 2001

**Date of Defendant's Appearance:** September 26, 2001

### Defendant's Statement

A conference was not held in this case. Several telephone calls were placed to counsel for Plaintiff, Caleb Pilgrim, who was unable to be reached. A draft report was then mailed to Attorney Pilgrim on October 26, 2001 requesting his input on completion of the report: A second letter was sent to Attorney Pilgrim on November 13, 2001 reminding him of the report and notifying him that it was now overdue. As of this date, Attorney Pilgrim has not responded.

- Caleb M. Pilgrim for Plaintiff, Lillie Washington

- Margaret M. Sheahan for Defendant, Central Connecticut Coast YMCA



Report Approved. Discovery cutoff date 10/30/02
Dispositive motions due by 11/30/02
Rule 16 Conference to be held on [illegible]
SO ORDERED
12/7/01
Janet C. Hall, U.S.D.J.
DEC 10  4:10 PM '01

CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Nov 26  11 44 AM '01

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIE WASHINGTON | CIVIL ACTION |
| | NO. 3:01 CV-1838 (JCH) |
| PLAINTIFF | |
| | |
| VS. | NOVEMBER 20, 2001 |
| | |
| CENTRAL CONNECTICUT COAST YMCA | |
| | |
| DEFENDANT | |

## DEFENDANT'S FORM 26(f)

Date Complaint Filed:  The Complaint was filed in state court with a Return Date of September 11, 2001, and removed on September 26, 2001.

Date Complaint Served:  Defendant was originally served on or about August 27, 2001. Removal documents were served on counsel for plaintiff by mail on September 26, 2001

Date of Defendant's Appearance:  September 26, 2001

Defendant's Statement

A conference was not held in this case.  Several telephone calls were placed to counsel for Plaintiff, Caleb Pilgrim, who was unable to be reached.  A draft report was then mailed to Attorney Pilgrim on October 26, 2001 requesting his input on completion of the report:  A second letter was sent to Attorney Pilgrim on November 13, 2001 reminding him of the report and notifying him that it was now overdue.  As of this date, Attorney Pilgrim has not responded.

- Caleb M. Pilgrim for Plaintiff, Lillie Washington

- Margaret M. Sheahan for Defendant, Central Connecticut Coast YMCA

1.    **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

2.    **Jurisdiction**

(a)    Subject Matter Jurisdiction

Plaintiff's Complaint asserts federal questions under 42 U.S.C. §§ 1981 and 2000e, et seq.

(b)    Personal Jurisdiction

All parties are citizens of the State of Connecticut

3.    **Brief Description of Case**

(a)    Claims of Plaintiffs:

Race and sex discrimination in constructive discharge evidenced by lower salary than other direct reports to supervisor, actions of supervisor in requiring written work review, answering questions for others on subject matter within Plaintiff's responsibilities, disputing Plaintiff's interpretation of policies in the presence of other staff and advising Plaintiff to apprise her of additions Plaintiff made to Plaintiff's own personnel file.

-2-

(b)    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of

Defendants:

Ms. Washington's steady employment and significant advancement throughout approximately seven years of employment belie any notion that she was the victim of discrimination. Her salary was within range for her position and not the lowest among her supervisor's reports. Her supervisor's review of Plaintiff's outgoing correspondence before its dissemination, and her performance of activities within Plaintiff's responsibilities were appropriate and not limited to Plaintiff. Plaintiff resigned voluntarily. There was no discrimination.

(c)    Defenses and Claims of Third Party Defendants:

N/A

4.    **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.    Plaintiff is an African-American female.

2.    Plaintiff began working for Defendant on or about October 12, 1993, as a camp counselor and pre-school teacher.

3.    Plaintiff was promoted to Director of Human Resources on August 3, 1998.

4.    Plaintiff submitted a formal letter of resignation dated February 16, 2000 and her employment with Defendant ended, as her letter announced, on March 31, 2000

5.    **Case Management Plan**

    (a)    Standing Order on Scheduling in Civil Cases

        The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases [as follows]:

    (b)    Scheduling Conference with the Court

        The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P 16(b).

    (c)    Early Settlement Conference

        (i)    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time

        (ii)   The parties request an early settlement conference.

        (iii)  The parties prefer a settlement conference with a Magistrate Judge.

        (iv)   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

    (d)    Joinder of Parties and Amendment of Pleadings

        (i)    Plaintiffs should be allowed until November 30, 2001 to file motions to join additional parties and until November 30, 2001 to file motions to amend the pleadings.

        (ii)   Defendants should be allowed until November 30, 2001 to file motions to join additional parties.  Defendant has answered the Complaint.

(e)     Discovery

      (i)     The parties anticipate that discovery will be needed on the following

           subjects:

           By the Plaintiff:

           By the Defendants:

- Plaintiff's work history;
- Plaintiff's earnings history;
- Plaintiff's documents concerning her employment with Defendant;
- Plaintiff's search for work;
- Plaintiff's income;
- Plaintiff's education;
- Plaintiff's medical history.

      (ii)     All discovery, including depositions of expert witnesses pursuant to

           Fed. R. Civ. P. 26(b)(4), will be commenced by November 30, 2001

           and completed (not propounded) by October 30, 2002.

      (iii)     Discovery will not be conducted in phases.

      (iv)     The parties anticipate that the plaintiffs will require a total of ____

           depositions of fact witnesses and that the defendants will require a

           total of 3 depositions of fact witnesses.  The depositions will

commence by November 30, 2001 and be completed by October 30, 2002.

    (v)    The parties may request permission to serve more than twenty-five (25) interrogatories.

    (vi)    Plaintiffs [intend] [do not intend] to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P 26(a)(2) by July 30, 2002. Depositions of any such experts will be completed by August 30, 2002.

    (vii)    Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P 26(a)(2) by September 30, 2002. Depositions of such experts will be completed by October 30, 2002.

    (viii)    A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 30, 2002.

**(f)**    Dispositive Motions

Dispositive motions will be filed on or before December 30, 2002.

**(g)**    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of January 30, 2003 or 60 days after the Court's ruling on any dispositive motion.

-6-

6.    **Trial Readiness**

The case will be ready for trial by the later of January 30, 2003 or 60 days after the Court's ruling on any dispositive motion.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff, Lillie Washington

By _____        Date: _____
    Caleb M. Pilgrim
    Federal Bar No. ct_____
    1404 Whalley Avenue
    Second Floor
    New Haven, CT 06515
    (203)387-2524

Defendant, Central Connecticut Coast YMCA

By _____        Date: ___11-20-01___
    Margaret M. Sheahan
    Federal Bar No. ct05862
    Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT  06601-7006
    (203) 330-2000
    Facsimile (203) 576-8888

-7-

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on November 20, 2001 to all counsel and pro se parties of record.

Caleb M. Pilgrim
1404 Whalley Avenue
Second Floor
New Haven, CT 06515
(203)387-2524

Margaret M. Sheahan
Commissioner of the Superior Court

BPRT/67123.2/EMP/404218v1

-8-