### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lillie Washington, | : | |
| | : | |
| Plaintiff, | : | NO.   3:01cv1838 (MRK) |
| | : | |
| v. | : | |
| | : | |
| Central Connecticut Coast YMCA, | : | |
| | : | |
| Defendant. | : | |

### ORDER

On December 3, 2003, the Court received a letter from Plaintiff Ms. Washington, which the Court will construe as a Motion for Reconsideration of the Court's November 13, 2003 Order [doc. #54]. The Court hereby directs the Clerk to docket the letter, and the parties will be able to find it in the Court file for this case. The Court also directs the Clerk to provide Ms. Washington with a copy of this Order.

In her letter, Ms. Washington summarizes the difficulties she has had with Mr. Pilgrim and his continuing failure to respond to her phone calls and letters and to send her documents relevant to her case. The Court is sympathetic to Ms. Washington's arguments, but notes that she has been aware of Mr. Pilgrim's dilatory behavior since early 2001, as evidenced by the correspondence attached to her letter to the Court. Yet, Ms. Washington has chosen to continue with Mr. Pilgrim as her attorney. Ms. Washington cannot, therefore, now completely evade the consequences of actions (or inactions) Mr. Pilgrim has taken on her behalf, at least some of which Mr. Pilgrim attributed to

1

Ms. Washington at the hearing on the Order to Show Cause on November 13, 2003.

Nonetheless, because of the continuing difficulties between Ms. Washington and her counsel – which even Mr. Pilgrim has attested to by filing a motion to withdraw as Ms. Washington's counsel – the Court has reconsidered its decision to make Ms. Washington and Mr. Pilgrim jointly and severally liable for payment of the sanction of $545.50 imposed by the Court's November 13, 2003 order. The Court will accordingly modify its sanction order by making Ms. Washington and Mr. Pilgrim each severally liable for one-half of the total sanction amount. That is, it is the Court's order that Mr. Pilgrim shall pay a sanction of $272.50 to Defendant and that Ms. Washington shall pay a similar sanction of $272.75 to Defendant, for a total sanction award of $545.50. As before, the Court will not mandate a specific date by which the sanctions must be paid, but the Court directs Ms. Washington and Attorney Pilgrim to Local Rule 16(g)(2) which provides, in part, that the Clerk will not accept for filing any papers from an attorney or a *pro se* party against whom sanctions have been imposed until there has been payment of said sanction. All other aspects of the Court's November 13, 2003 order remained unchanged.

In her letter to the Court, Ms. Washington expressed her concerns about Mr. Pilgrim's continued representation of her in this action. As the Court sees it, Ms. Washington has essentially three options at this point: (1) She can file a *pro se* appearance, in which event the Court will grant Mr. Pilgrim's motion to withdraw as her lawyer but Ms. Washington will then have to represent herself *pro se* in this case and she will be required to pay her sanction of $272.75 before she can file any pleadings *pro se*, as required by Local Rule 16(g)(2); (2) she can locate new legal counsel who would have to file an appearance on her behalf, in which event the Court would also grant Mr. Pilgrim's motion to withdraw as counsel; or (3) Ms. Washington can continue to rely upon the

representation of Mr. Pilgrim as her counsel with full knowledge and appreciation of the potential problems that such continued representation may bring her, including knowledge of the restriction against Mr. Pilgrim filing any pleadings until he has paid his sanction of $272.75 to Defendant, as provided in Local Rule 16(g)(2).

If Ms. Washington promptly decides to appear *pro se* and pays her sanction or if she promptly retains new counsel who enters an appearance on her behalf, the Court will entertain a motion from Ms. Washington or her new counsel, as the case may be, for extension of the existing deadlines to allow for the preparation of the pleadings incident to Defendant's anticipated Motion for Summary Judgment. Those are the only two instances in which this Court will consider any change in the existing deadlines. As a reminder, the Court notes that those filing deadlines are as follows: Defendant's Motion for Summary Judgment must be filed by **December 5, 2003**; and Plaintiff's Response to Defendant's Motion for Summary Judgment must be filed by **January 8, 2004**. If Plaintiff fails to file a timely response to Defendant's Motion for Summary Judgment, Ms. Washington has been advised that such a failure alone could justify entry of judgment for Defendant.

If any party objects to this Order, they must file their objection within seven days of the issuance of the Order, or the objection will be considered waived.

IT IS SO ORDERED.

/s/ <u>        Mark R. Kravitz        </u>

U.S.D.J.

Dated at New Haven, Connecticut: <u>December 4, 2003</u>