UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIE WASHINGTON,<br><br>     PLAINTIFF<br><br>VS.<br><br>CENTRAL CONNECTICUT COAST YMCA,<br><br>     DEFENDANT | CIVIL ACTION<br>NO. 3:01 CV-1838 (MRK)<br><br><br><br><br><br>APRIL 20, 2004 |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT OR, IN THE ALTERNATIVE, FOR RULING ON MOTION FOR SUMMARY JUDGMENT

PRELIMINARY STATEMENT

  This case has had a tortured course through the litigation process with trouble at every twist and turn invariably caused and exacerbated by Plaintiff and her counsel failing in diligence, attention and courtesy to the Court and the opposition. The simplest matters have required Court intervention. Now, this case cannot even resolve with simplicity. The Court must intervene once more to get Plaintiff to do what Plaintiff has agreed to do. Reluctantly, Defendant devotes more resources to approaching the Court to get the Plaintiff to do what is necessary to take Defendant's money. Alternatively, Defendant urges this Court to determine the pending Motion for Summary Judgment promptly. It is past high time to bring this sorry affair to a close.

STATEMENT OF MATERIAL FACTS

This Court no doubt recalls the extraordinary amount of energy devoted to resolving discovery matters and how close the case came to dismissal for Plaintiff's inactivity. Disappointed with the need to do so, Defendant invested in the preparation of a comprehensive motion for summary judgment, supporting memorandum and related submissions, filed on December 8, 2003, resources it could have directed to its charitable and socially productive programs. Plaintiff responded with an opposition filed on January 8, 2004, and a request for yet another referral to a Magistrate Judge for a settlement conference (letter dated January 19, 2004.) Defendant agreed to this latter attempt.

The Honorable Holly B. Fitzsimmons, USMJ, met with Plaintiff and Plaintiff's counsel in person and with Defendant's counsel by telephone on February 12, 2004. Judge Fitzsimmons persuaded Defendant to renew its most recent settlement position and obtained Plaintiff's promise to respond the following day to the Magistrate Judge as to whether or not she would accept the terms. The Magistrate Judge generously coordinated the timing of the conference and the deadline that she placed on Plaintiff with her knowledge of Defense counsel's family travel commitment on the day following the day Plaintiff was required to respond. The deadline came and went with no response from Plaintiff and no communication from the Magistrate Judge to Defense Counsel. Defendant therefore concluded that settlement attempts again had failed and waited for word from the Court on the fate of its dispositive motion.

Two weeks later, on February 25, 2004, Defense counsel received a telephone call from Plaintiff's counsel asking for the settlement terms offered through the Magistrate Judge, which Plaintiff's counsel could not recall. (Being separated from her file on the matter at the time, Defense counsel could not recall the terms precisely either.) On questioning, Plaintiff's counsel conveyed that his client had informed him; and he, the Magistrate Judge, of her agreement to the proposed terms sometime after the deadline. Within a few days of this telephone call, Defense counsel received a letter from Plaintiff's counsel conveying Plaintiff's willingness to settle (Ex. A). The letter was imprecise in its description of the actual terms and named an approximate number higher than defense counsel's records reflected. Defense counsel thereafter confirmed with the Magistrate Judge that the Plaintiff had communicated her acceptance of the Defendant's proposed terms to the Magistrate Judge after the date set, and further that the terms that the Plaintiff had accepted were in fact the precise terms that Defense counsel had conveyed to the Magistrate Judge in the conference.

Thus satisfied that the settlement had indeed been agreed, Defense counsel revised a document that had long ago been proposed to Plaintiff to serve as the "boilerplate" for an agreement resolving this litigation. (Ex. B). The revised document reflected the agreement communicated through the Magistrate Judge and was sent promptly to Plaintiff's Counsel on March 5, 2004.

Weeks later, on April 8, 2004, Defendant's counsel communicated with Plaintiff's counsel inquiring as to the status of the agreement (Ex. C). Immediately, Plaintiff's counsel replied that he had sent the Agreement to his client but had yet to receive it back from her

bearing her signature (Ex. D). Defense counsel urged Plaintiff's counsel to be more active in pursuit of implementation of the Agreement (Ex. E). No further communication has occurred.

ARGUMENT

    1.    <u>The Parties Have Entered A Settlement Agreement</u>

The communications of the parties conducted through the Magistrate Judge sufficed to conclude an agreement to settle this case without more. <u>New Horizon Financial Services, LLC v. First Financial Equities, Inc.</u>, 2003 WL 22004255 (D. Conn. 2003); <u>Pitruzello v. Muro</u>, 2003 WL 1090702 (Conn. Super. 2003).

The terms of the Agreement require Plaintiff to withdraw the instant action with prejudice and to execute a document containing a complete release of any claims she might have against Defendant or individuals or entities affiliated with it. The Agreement also requires Defendant to convey certain funds to Plaintiff. Defendant stands ready, willing and able to make the payment and to execute and implement the other portions of the Agreement that require action or forbearance on its part.

Plaintiff should not be permitted to thwart the agreement by her inaction. This Court has the authority to enforce the Agreement and should exercise that power to bring this case to an end.

2. <u>If The Settlement Agreement Is Not To Be Enforced, Then Defendant Should Be Given a Decision On Its Motion For Summary Judgment.</u>

Defendant surely did not start this fight and it surely has been put to inordinate effort and expense to resist it. Generally, the litigation process should come to an end much sooner than the lengthy period this case has taken to wend its way to this intermediate point. This Defendant is a charitable organization with noble and vital social missions and roles in the communities it serves. It should be able to unyoke the burden of attending to this case that diverts its scarce resources year after year. Plaintiff has led this Court -- and Defendant -- to believe that the end has come peacefully and thus stayed the Court's hand from deciding the pending dispositive motion. If Plaintiff is not to be held to the promise of her representations, then justice demands that Defendant's waiting be ended.

<u>CONCLUSION</u>

For all the foregoing reasons, Defendant contends that this Court should enforce the parties' settlement agreement, or in the alternative, should rule on Defendant's pending motion for summary judgment.

Done at Bridgeport Connecticut this 20th day of April, 2004.

                          THE DEFENDANT
                          Central Connecticut Coast YMCA

                          By: _____
                          Margaret M. Sheahan
                          Federal Bar No. ct05862
                          For:  Pullman & Comley, LLC
                                    850 Main Street, P.O. Box 7006
                                    Bridgeport, CT  06601-7006
                                    (203) 330-2000
                                    Facsimile (203) 576-8888
                          Its Attorneys

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5(b), I hereby certify that a copy of the above was mailed, certified, return receipt requested, on April 20, 2004 to all counsel and pro se parties of record.

For the plaintiff LILLIE WASHINGTON:

Caleb M. Pilgrim
1404 Whalley Avenue
Second Floor
New Haven, CT 06515
(203)387-2524

_____
Margaret M. Sheahan
Commissioner of the Superior Court

BPRT/67123.2/MMS/513934v1