# Caleb M. Pilgrim

LAW OFFICES OF CALEB M. PILGRIM, L.L.C. • P.O. BOX 3649 • NEW HAVEN, CT 06515
TEL: 203 387-2524 • FAX: 203 387-2527 • EMAIL: pilgrimesq@juno.com

Attorney At Law



February 25, 2004

**_BY FACSIMILE & BY EGULAR MAIL_**

Attorney Margaret Sheahan
Pullman & Comley, LLC
Attorneys At Law
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

RE: **Washington v. YMCA**

Dear Attorney Sheahan:

Further to our conversation this afternoon (Pilgrim-Sheahan), this letter will confirm that Ms. Washington has accepted the money – approximately $3,800.00, which you offered to settle the above-referenced case. In addition, she has accepted your offer not to seek any costs or fees awarded against her by Judge Kravitz. This information was communicated to Judge Fitzsimmons last week immediately after I heard from Ms. Washington. Thank you for your co-operation in this matter.

Very truly yours,
Law Offices of Caleb M. Pilgrim, L.L.C.

Caleb M. Pilgrim

CMP/edw

EXHIBIT A

# DURANT, NICHOLS, HOUSTON, MITCHELL & SHEAHAN, P.C.

ATTORNEYS AT LAW

1057 Broad Street, P.O. Box 351
Bridgeport, Connecticut 06601-0351
Tel. (203) 366-3438    Fax (203) 384-0317
E-Mail dnhms@durantnic.com

December 22, 2000

Loraine M. Cortese-Costa***
E. Terry Durant*
Christopher M. Hodgson
Donald F. Houston
Robert B. Mitchell**
George N. Nichols
Margaret M. Sheahan***

***Natale V. Di Natale
Lisa M. Grasso
**° David J. Kelly

*Also admitted in Virginia
**Also admitted in Louisiana & New York
***Also admitted in New York

Caleb M. Pilgrim, Esq.
P.O. Box 3649
New Haven, CT 06515

Re:   Lillie Washington and Central Connecticut Coast YMCA

Dear Mr. Pilgrim:

I received your December 14, 2000 settlement proposal in the above-referenced matter via e-mail and discussed it with my client, the YMCA. Your offer is declined but I have been authorized to make a counter offer. As you are aware from having reviewed my clients' submission to the Commission on Human Rights and Opportunities, we believe Ms. Washington's claims are without merit and based on misapprehensions under which she operates regarding the nature of actions and requests. Nevertheless my client wishes to avoid unnecessary legal proceedings and therefore proposes to provide Ms. Washington three years' complimentary YMCA Family membership and one year's YMCA Camp Family Week participation in exchange for Ms. Washington's release and waiver of all claims, her covenant not to sue, her commitment not to seek re-employment with the YMCA and her withdrawal with prejudice of any claim against YMCA, its affiliates and persons associated with them.

A proposed agreement embodying these terms is enclosed.

Please let me know how I can help you further.

Yours truly,

Margaret M. Sheahan

MMS:dpf
Enclosure
cc:   H. Breña
P:\general\mms\940010\001\00017468.DOC

EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement"), is entered into voluntarily between CENTRAL CONNECTICUT COAST YMCA and LILLIE WASHINGTON.

**WHEREAS** LILLIE WASHINGTON was employed by CENTRAL CONNECTICUT COAST YMCA ("YMCA"); and

**WHEREAS**, LILLIE WASHINGTON has filed a claim of race discrimination against YMCA with the Connecticut Commission on Human Rights and Opportunities ("CHRO") designated as Case No. 0130114 and with the Equal Employment Opportunity Commission ("EEOC") designated as Charge No. 16aa03448; and

**WHEREAS**, YMCA denies any discrimination or wrongdoing whatsoever in its treatment of LILLIE WASHINGTON; and

**WHEREAS**, LILLIE WASHINGTON and YMCA have determined to end any and all disputes which do or may exist between them,

**NOW THEREFORE**, in exchange for the mutual promises and considerations described herein, the receipt and sufficiency of which is hereby acknowledged, the parties do hereby agree as follows:

1.  LILLIE WASHINGTON agrees to withdraw her complaint before the CHRO and her charge before the EEOC with prejudice, without costs and with confidential terms.

2.  LILLIE WASHINGTON, for herself, her heirs, executors, successors and assigns hereby releases and waives YMCA, its affiliates and all of each of their directors, trustees, officers, employees, agents, insurers, benefit plans, and administrators and

fiduciaries of such benefit plans ("Released Parties") of and from any and all claims, charges, suits, causes of action and controversies whatsoever, other than claims to enforce this Agreement or for vested benefits under benefit plans, including but not limited to the claims withdrawn pursuant to Paragraph 1 of this Agreement and claims under the Age Discrimination in Employment Act or any other statute, regulation ordinance or rule prohibiting discrimination in employment on account of race, sex, religion, national origin, color, sexual orientation, disability or any other protected characteristic, and claims based on contract or tort or any legal restriction on the YMCA's right to set compensation or terminate employment from the beginning of time to the date of this Agreement.

3. LILLIE WASHINGTON further agrees never, with the purpose or effect of personal gain, to commence or prosecute or to assist or advise the commencement or prosecution of any suit, charge, complaint, claim or proceeding of any kind against any Released Party asserting any claim or right waived and released in Paragraph 2 of this Agreement.

4. LILLIE WASHINGTON agrees never to seek or accept employment with YMCA and acknowledges that any application for such employment may be rejected without explanation or recourse.

5. YMCA will provide LILLIE WASHINGTON and her family free YMCA membership for three years commencing the first day of the month following the effective date of this Agreement.

6. YMCA will provide LILLIE WASHINGTON and her family a Family Week at YMCA Camp in the year 2001.

7. YMCA will respond to any inquiries from prospective employers of LILLIE WASHINGTON by disclosing titles, dates of employment and salary unless YMCA receives signed written authorization to disclose other portions of the personnel file YMCA maintains on LILLIE WASHINGTON.

8. The parties agree to keep the terms of this Agreement confidential.

9. The parties agree not to make or authorize disparaging comments about each other.

10. LILLIE WASHINGTON acknowledges that the consideration provided her under this Agreement exceeds everything she is otherwise entitled to receive under any policy, practice or custom of YMCA, other than vested benefits under benefit plans, and constitutes an accord and satisfaction of the claims LILLIE WASHINGTON releases in this Agreement.

11. LILLIE WASHINGTON acknowledges that she has up to 21 days if she so chooses to consider this Agreement before signing it and that she has been encouraged in writing by the YMCA to consult counsel prior to signing this Agreement.

12. LILLIE WASHINGTON acknowledges that she has up to seven days after the signing of this Agreement to revoke the releases and waivers and covenants not to sue contained in this Agreement by having a written revocation delivered to Helen Breña at YMCA corporate headquarters in New haven. Unless and until that seven-day period expires without revocation, this Agreement shall have no effect.

IN WITNESS WHEREOF, the parties have read and agreed to the terms of this Agreement as set forth above by signing below as of the date and year indicated.

_____        _____
For Central Connecticut Coast YMCA     Lillie Washington

_____        _____
Date                                   Date

STATE OF CONNECTICUT      :
                          :  ss
COUNTY OF                 :

   BE IT REMEMBERED, that on this _____ day of _____, 2001, before me, the subscriber, a Notary Public of the State of Connecticut, personally appeared Lillie Washington, individually, who I am satisfied is the person named in and who executed the within instrument, and thereupon acknowledged that she signed, sealed and delivered the same as her act and deed for the uses and purposes therein expressed.

Sworn to and subscribed before me
The date aforesaid:

_____
Notary Public
My Commission Expires:_____

-4-

STATE OF CONNECTICUT        :
                            : ss
COUNTY OF NEW HAVEN         :

BE IT REMEMBERED, that on this _____ day of _____, 2001, before me, the subscriber, a Notary Public of the State of Connecticut, personally appeared _____, who being by me duly sworn on his oath, deposed and made proof to my satisfaction that she is _____ CENTRAL CONNECTICUT COAST YMCA, the organization named in the foregoing document and that said instrument was signed and delivered by said _____ as the voluntary act and deed of said organization.

Sworn to and subscribed before me
the date aforesaid.

_____
Notary Public

My Commission Expires:_____

P:\general\mms\940010\001\00017470.DOC

-5-

## Paliani, Elisa M.

**From:** Sheahan, Margaret M.
**Sent:** Thursday, April 08, 2004 9:32 AM
**To:** Paliani, Elisa M.
**Subject:** FW: Lillie Washington

Please print this message and mail and fax it to Mr. Pilgrim. Thank you.

-----Original Message-----
**From:** Sheahan, Margaret M.
**Sent:** Thursday, April 08, 2004 9:31 AM
**To:** 'pilgrimesq@aol.com'
**Subject:** Lillie Washington

Are we settling this case or not? I sent you a settlement agreement a long time ago. I have not had any word from you at all. Please respond.

Margaret M. Sheahan
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901



1

FROM :                    FAX NO. :                    Apr. 08 2004 10:53AM  P1

APR-08-2004 10:06    PULLMAN & COMLEY    

File
67123.2

From: Sheahan, Margaret M.
Sent: Thursday, April 08, 2004 9:30 AM
To: Paliani, Elisa M.
Subject: FW: Lillie Washington

Please print this message and mail and fax it to Mr. Pilgrim. Thank you.

-----Original Message-----
From: Sheahan, Margaret M.
Sent: Thursday, April 08, 2004 9:31 AM
To: 'pilgrimesq@aol.com'
Subject: Lillie Washington

Are we settling this case or not? I sent you a settlement agreement a long time ago. I have not had any word from you at all. Please respond.

Margaret M. Sheahan
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901

Your letter refers:
A copy of the Settlement Agreement was sent to Mrs. Washington more than a month ago (if not two months). I have not received the Agreement with her signature as yet. Immediately I receive it, I shall forward it to you.

Carlton Pilgrim
4/8/04
10:52 am

EXHIBIT D

TOTAL P.02

**Paliani, Elisa M.**

**From:** Sheahan, Margaret M.
**Sent:** Thursday, April 08, 2004 4:14 PM
**To:** Paliani, Elisa M.
**Subject:** FW: Washington v. CCCYMCA

Please print this message and fax it to Mr. Pilgrim. Thank you.

-----Original Message-----
**From:** Sheahan, Margaret M.
**Sent:** Thursday, April 08, 2004 4:13 PM
**To:** Caleb M. Pilgrim Esq. (E-mail)
**Subject:** Washington v. CCCYMCA

Mr. Pilgrim, have we not learned from sad experience that you cannot rely on the U.S. Mails or indeed on any written medium in communicating with Ms. Washington? I believe it is your duty to make whatever efforts are necessary to get the matter of this settlement agreement's implementation moved off square 1. If not, I will have to go back to the court and insist on my motion for summary judgment being argued and decided. Please try a little harder and let me know how it resolves by the 19th of April. Godspeed.

Margaret M. Sheahan
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601-7006
(203) 330-2138

300 Atlantic St.
5th Floor
Stamford, CT 06901-3522
(203) 674-7901



EXHIBIT
E

1